IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Samantha Carter,

            Plaintiff,

v.                                       Case No. 1:19-cv-5508-MLB

Porsche Cars North America, Inc.,

            Defendant.

_____/

**OPINION & ORDER**

Before the Court is Plaintiff Samantha Carter's motion for recusal of the undersigned. (Dkt. 91.) The Court denies that motion.

A motion for recusal is governed by 28 U.S.C. § 455.[1] Pursuant to § 455(a), "[a]ny justice, judge, or magistrate judge of the United States

---

[1] The Court recognizes there is another statute, 28 U.S.C. § 144, that governs recusal, but Plaintiff only identifies 28 U.S.C. § 455 as the statutory basis. Regardless, a motion under 28 U.S.C. § 144 would be unavailing. Section 144 requires a party file a timely and sufficient affidavit. 28 U.S.C. § 144. Plaintiff failed to file an affidavit. *See Palmer v. CVS Pharmacy, Inc.*, No. 1:19-cv-03178, 2019 WL 12872748, at *2 (N.D. Ga. Dec. 3, 2019) ("The statute's requirements of an affidavit and certificate of good faith are strictly enforced."). The statute also requires a certificate of counsel stating that the motion is submitted in good faith,

shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b) requires recusal when the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding" or he is "a party to the proceeding."

A judge must only recuse under § 455 when "an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). "[A]n actual demonstrated prejudice need not exist in order for a judge to recuse himself [or herself]: disqualification should follow if the reasonable man [or woman], were he [or she] to know all the circumstances, would harbor doubts about the judge's impartiality." *United States v. Alabama*, 828 F.2d 1532, 1541 (11th Cir. 1987). Although "any doubts must be resolved in favor of recusal . . . a judge, having been assigned to a case, should not recuse himself [or herself] on

---

which is missing here. *See Klyman v. Delta Family-Care Sav. Plan*, No. 1:05-CV-0941, 2005 WL 8155247, at *1 (N.D. Ga. Dec. 21, 2005) ("A disqualification affidavit [from a pro se party] unaccompanied by a certificate of good faith signed by counsel of record admitted to practice before the court is a legally insufficient affidavit and will not support a § 144 recusal motion."). Any motion under 28 U.S.C. § 144 would thus be unavailing.

unsupported, irrational, or highly tenuous speculation." *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014). "[U]nlike in the context of [28 U.S.C.] § 144, it is the facts, not the movant's allegations, that control the propriety of recusal." *Everson v. Liberty Mut. Assur. Co.*, No. 1:05-CV-2459, 2008 WL 1766956, at *3 (N.D. Ga. Apr. 14, 2008).

Plaintiff makes several allegations against the Court, none of which support recusal. First, she alleges the Court mistreated her, most notably by "accusing Plaintiff of doing what she wants to do" during a Zoom hearing on November 17, 2021. (Dkt. 91 at 8.) The Court made that comment after Plaintiff, despite being told the hearing would be conducted in person, sent an email to the Court on the morning of the hearing announcing she would not attend. (Dkt. 86.) Admonishing a party for failing to follow a Court order is not a basis for recusal. Second, she claims that, following a hearing on September 9, 2021, she saw counsel for Defendant Porsche Cars North America, Inc. "sneak" back into the courtroom ostensibly to meet with the Court *ex parte* or for the purpose of bribing the Court. (*Id.* at 9, 15.) She contends the Court "was gaslighting" Plaintiff when it denied any such a meeting (or bribe) during the subsequent November 17, 2021 Zoom hearing. She says the Court's

denial of any such misconduct and reference to Plaintiff's allegations as delusional, where "the first red flag that [the Court] had taken a bribe, [although] it is unclear if the bribe was in cash, a favor, or a vehicle." (*Id.* at 15.) Plaintiff presents no evidence to support her fantastical allegations of an *ex parte* meeting or bribe. They are not true and provide no basis for recusal. Finally, Plaintiff says that, during the November 17, 2021 Zoom hearing, the Court instructed defense counsel "to be silent and pretend not to hear the Plaintiff" so the Court could "blame" Plaintiff for "fake technical issues." (*Id.* at 8.) Again, Plaintiff presents no evidence to support her claim the Court caused the parties to feign connectivity issues to demean Plaintiff. It did not happen, and her allegation provides no basis for recusal.

Plaintiff's unsupported allegations of criminal activity and collusion with defense counsel are not enough to demonstrate the existence of any pervasive bias or prejudice on the part of the undersigned. To hold otherwise would allow a party to obtain recusal of a judge by simply making up allegations of misconduct from whole cloth. No objective, reasonable lay observer would entertain a significant doubt about the Court's impartiality under the facts at issue here. The

undersigned is also not a party to the proceeding and any such allegation is baseless. Recusal is thus not warranted under § 455. The Court **DENIES** Plaintiff's motion for recusal. (Dkt. 91.)[2]

**SO ORDERED** this 4th day of January, 2022.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

---

[2] Defendant filed motions in limine on October 27, 2021. (Dkt. 82.) Plaintiff did not respond. During the Zoom hearing on November 17, 2021, Plaintiff stated she did not oppose those motions. She now contends the Court's conduct against her during that hearing was "so farfetched that [she] succumbed and was not able to argue the motion in limine." (Dkt. 91 at 9.) The Court doubts that very much. The Court instructed the parties to be prepared to discuss the motions in limine at that hearing. (Dkts. 83, 84.) Plaintiff was either unprepared or otherwise decided not to oppose those motions. Nevertheless, the Court will permit Plaintiff to argue any opposition she has to the motions in limine during the January 6, 2022 pretrial conference. She should be prepared to do so.